## Parsons v. Paine.

Attachment—*Publication.*—Publications in suits by attachment, made in conformity to the law in force at the time of the institution of the suit, will not be affected by a subsequent statute changing the manner of giving notice.

Liens.—A judgment in attachment, though, in form, *in personam,* under the statute, is a lien on no other property than that attached.

*Appeal from Johnson Circuit Court.*

Hon. Thomas Boles, Circuit Judge.

*Clark & Williams*, for appellant.

*T. D. W. Yonley*, for appellee.

WILSHIRE, C. J.

At the April term, 1867, of the Johnson circuit court, Thomas B. Paine, as common school commissioner of Johnson county, brought an action of debt, by attachment, against Hiram Parsons, on a writing obligatory, bearing date February 5, 1861, and due six months after date, for $200, with interest at eight per centum.

A writ of attachment was issued; certain lands were attached as the property of Parsons, and the writ of attachment returned on the 16th day of February, 1867. The court, at the term to which the suit was brought, made an order of publication, as to Parsons.

At the succeeding term, in October, 1867, proof of publication of notice was made, and the defendant failing to appear, as required by the notice, or order of publication, the circuit court rendered judgment against him for the sum of $200 debt, and $105 $\frac{48}{100}$ damages, etc.

The cause was brought here upon an appeal, granted by the clerk of this court, on the 17th of May, 1870.

The principal errors complained of, and for which this court is asked to review and reverse the judgment below, are: 1st. That the order of publication was made by the court below, when it should have been done by the sheriff, as prescribed by section 8, of the act of the General Assembly, approved March 7, 1867.

This suit was commenced, by the plaintiff suing out a writ of attachment, on the 14th day of February, 1867. It appears, by the return of the sheriff, contained in the transcript of the record, that the writ of attachment was executed by attaching certain lands, as the property of Parsons, and was returned on the 16th day of February, 1870.

The law regulating proceedings by attachment, in the circuit court, in force when this suit was commenced, provides that "if the defendant shall not, on or before the third day of the term,    *   *   *   appear and plead, or otherwise answer the plaintiff's action, the court shall order that a publication be made, containing a statement of the nature and amount of the plaintiff's demand, and notifying the defendant that an attachment has been issued against his estate, and that, unless he shall appear by himself, or his attorney, on or before the third day of the next term, (stating the time the court will meet), judgment will be entered against him, and his estate sold to satisfy the same." It is insisted by counsel for the appellant that this mode of giving notice to the defendant, in attachment proceedings, was changed by section 8, of the act approved March 7, 1867, and that the provisions of the latter act should have been observed in this case.

In this position of the learned counsel, we cannot agree. The right of the appellee to proceed under the law regulating the proceedings in attachment suits, in force prior to the passage of the act of March 7, 1867, had attached before the passage of that act. The appellee had, before that time, commenced his suit, the writ of attachment had been issued and executed, by a levy upon the lands of the appellant, and returned by the sheriff so executed. The only thing remaining to be done, was for the court to make the order of publication, which could not be done until the time arrived for the court to be held, which was subsequent to the passage of the act of March 7, 1867.

It is clear, from the language of the act of March 7, 1867, that the Legislature intended that it should be prospective in its operation; that it was intended to apply to actions of attachment thereafter to be commenced, and not to those commenced under the law prior to the passage of the act. The language of the 8th section of the act is: "When any writ of attachment shall come into the hands of any sheriff, or other officer, and the defendant named in such writ cannot be found

in his county, it shall be the duty of such *officer to make publication*," etc.   There are no words in that act that can be construed into giving it a retroactive effect.

This court has repeatedly held, that a statute will not have a retrospective operation, unless there are words contained in the act clearly showing that to be the intention of the Legislature.   *Couch v. McKee, 1 Eng. (Ark.), 493*, and the authorities there cited.

The second, and only remaining question raised by counsel for the appellant, that appears in the record, is: That the judgment against the appellant is *in personam.*

The learned counsel seem to insist that the judgment, in the form it was rendered against the appellant, is a lien upon his property, other than that seized, by virtue of the writ of attachment.

This objection is not good.   By the transcript of the record before us, we find that the judgment rendered by the court below is in the usual form in such proceedings, and in conformity to the statute; *sections 24 and 31, chapter 17, Gould's Digest.*

It is true that the judgment is, in form, *in personam*, under the statute; but the only writ the appellee was entitled to, for the execution of his judgment, in this case, was a *venditioni exponas*, or special execution, commanding the sheriff to sell the property formerly seized under and by virtue of the writ of attachment.   The judgment against the appellant was a lien on no other property of his than that attached.

The counsel for the appellant state that an execution was issued upon the judgment, and the property sold, etc., without a bond being executed by the appellee, as required by law in attachment proceedings.   There is no such question presented by the transcript before us.   It does not appear by the record that any proceedings have ever been had to execute the judgment.

Finding no error in the proceedings of the court below, in this cause, the judgment is, in all things, affirmed.